470

## CIRCUIT COURT OF THE CITY OF RICHMOND

HL Partnership
and Old Trace
Homeowners Association

v.

Michael A. Chapman
and M. Geraldine Chapman

September 20, 2002

Case No. HS-284-1

BY JUDGE MELVIN R. HUGHES, JR.

In this suit for an injunction and damages, plaintiffs, a real estate developer and a homeowners association, seek to assert an easement over and upon defendants' land. The case was brought on for a hearing on September 10, 2002.

Old Gun Trace is a residential subdivision developed by plaintiff HL Partnership consisting of various lots on which homes are constructed. Defendants own Lot 12. Lot 12 is the first lot on the right nearest the entrance-way as you enter the development. The entrance consists of a median in the middle of the road entering the development with the words "Old Gun Trace" on a brick wall. On each side of the roadway as it branches to the left and right of the median there are brick walls. Flowers and plantings are in front of each wall on each side. Each area is surrounded by grass on both sides. The right wall of the entrance is situated on defendants' Lot 12 and was so at the time of conveyance and remains there today.

The evidence revealed that no reservation of easement for a common area for the right wall entrance was made either in the plat of the subdivision or in the deed to defendants. The testimony was to the effect that the failure to reserve and designate the area as an entrance common area as a reservation of easement was a "goof" that somehow "fell through the cracks." After

approaches by plaintiffs to defendants to agree to an easement proved unsuccessful, plaintiffs filed this suit to enjoin the defendants from denying the homeowners association access to the area for maintenance, irrigation, and lighting, as part of a common entrance. Defendants testified, without contradiction, that although they knew of the wall, they had no knowledge of any easement either before or at the time they acquired the lot in October 1998.

An easement can be created in one of four ways: (a) an express grant or reservation in the deed or plat, (b) by implication of reservation or by necessity, (c) by estoppel, or (d) by prescription. The developer has admitted that, at the time of conveyance in 1998, it failed to reserve an easement either in the deed or in the plat and deed of Lot 12. In the absence of an express grant, an easement can be created by implication depending upon the intent of the parties at the time of the contract. There is no evidence of intent of an easement in this case. Further, if the purchaser of the "servient tract" did not have notice of the easement at the time of purchase or if the use of the easement was not obvious, the purchaser takes the lot free of the easement. Since the defendants did not have notice nor was the use apparent, no easement by implication of reservation is created. Easement by necessity is created if there is pre-existing use proven by clear and convincing evidence and the use is reasonably necessary. In this case, the plaintiff's evidence fails to support the elements of this claim. Easement by prescription and estoppel does not apply in this case. *See Russakoff v. Scruggs*, 241 Va. 135 (1991); *Brown v. Haley*, 233 Va. 210 (1987). The court will therefore refuse the request for an injunction.